UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ALEXANDER KOESTER, | ) | Case No.: 1:16 CV 126 |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| E.MICHEAL PFEIFER, PROSECUTOR, | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Defendants | ) | <u>AND ORDER</u> |

**Introduction**

*Pro se* plaintiff Robert Alexander Koester, a prisoner currently incarcerated in the State of Florida, has filed this *in forma pauperis* civil rights action pursuant to 42 U.S.C. §1983 against Wyandot County Prosecutor E. Michael Pfeifer and Wyandot County Court of Common Pleas Judge Kathleen A. Aubry. The plaintiff contends the defendants violated his civil rights in connection with two criminal cases brought against him in Wyandot County.

**Background**

The background facts alleged in the plaintiff's complaint are unclear, but the Ohio Court of Appeals set forth the pertinent background facts regarding the Wyandot County cases in *State of Ohio v. Koester*, Case Nos. 16-03-07, 16-03-08, 2003 WL 22700734 (Ohio App. 3rd Dist. Nov. 17, 2003). The plaintiff was arrested and charged with a number of crimes in the two cases in 2000. He was incarcerated in Nebraska during most of the time the cases were pending. After he was

released from his incarceration in Nebraska, he was transported to Michigan, which also had a holder on him. In order to resolve the Wyandot County criminal charges, the Wyandot County Prosecutor proposed a plea agreement to the plaintiff's counsel. The plaintiff rejected the plea agreement and signed an Interstate Detainer Agreement requesting a speedy disposition of the charges. In 2003, the plaintiff's counsel filed a motion to dismiss the charges on the basis that the state violated the plaintiff's right to a speedy trial. After the trial court denied the motion and found the state exercised reasonable diligence in attempting to secure the plaintiff's availability, the plaintiff pled no contest to the Wyandot County charges, and the trial court sentenced him on March 6, 2003. On November 17, 2003, the Ohio Court of Appeals reversed the plaintiff's convictions, ruling that the prosecution did not show reasonable diligence in securing the plaintiff's availability for disposition of the charges while he was incarcerated outside of the State of Ohio.

In this action, filed over ten years after the Court of Appeals's decision, the plaintiff seeks to be compensated in the amount of $100,000 "for the misconduct by both the prosecution and the judge" in the Wyandot County cases.

**Analysis**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required under 28 U.S.C. §1915(e)(2)(B) to screen and dismiss before service any *in forma pauperis* action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).

The plaintiff's complaint must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). Judges are generally absolutely immune from civil suits for money damages, including 1983 suits. *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997), citing *Mireles v. Waco*, 502 U.S. 9, (1991) and *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir.1997). "Such far-reaching protection is justified by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Ireland*, 113 F.3d at 1440 (internal citation omitted). Thus, absolute judicial immunity is overcome only in two situations. A judge is not immune from liability for "nonjudicial actions, *i.e*., actions not taken in the judge's judicial capacity," and for actions that, though judicial in nature, are taken "in the complete absence of all jurisdiction." *Id*.

State prosecutors likewise enjoy absolute immunity from liability under §1983 when they are functioning as an "advocate for the state" and perform actions "intimately associated with the judicial process." *Id*. at 1445. While absolute prosecutorial immunity may sometimes leave a criminal defendant without redress for a deprivation of liberty, it is recognized because "affording any less protection would 'disserve the broader public interest' by preventing 'vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system.'" *Id*. at 1444 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976)).

Although the plaintiff's criminal convictions in Wyandot County were ultimately reversed by the Ohio Court of Appeals, nothing alleged in his complaint reasonably suggests that Judge Aubry and Prosecutor Pfeifer are not entitled to absolute judicial and prosecutorial immunity in connection with their conduct in the cases. First, nothing in the plaintiff's complaint reasonably suggests that Judge Aubry engaged in any "nonjudicial actions" or acted "in the complete absence

of all jurisdiction." In addition, the Prosecutor's alleged conduct can only be reasonably construed as suggesting he was functioning as an advocate for the state and performing actions intimately associated with the judicial process.

Accordingly, both of the defendants in this case are absolutely immune from the plaintiff's §1983 damages claims as a matter of law. The plaintiff's complaint must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989) (claims against defendants who clearly are immune from suit have no arguable legal basis and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)).

## Conclusion

For the reasons stated above, this action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/SOLOMON OLIVER, JR.
SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 8, 2016